UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANTHONY SCHEPIS; FRANK CANELAS, JR.; and PURSUIT OPPORTUNITY FUND I, L.P. | : : : : | Civil Action<br><br>No. _____ |
| v. | : : | |
| JPMORGAN CHASE BANK, N.A., d.b.a. CHASE BANK; and PETER S. CANE; and CANELAW LLP | : : : : | MARCH 27, 2020 |

## COMPLAINT

The Plaintiffs, Anthony Schepis, Frank Canelas, Jr. and Pursuit Opportunity Fund I, L.P. (collectively the "Plaintiffs") hereby assert this action and allege as follows:

### PARTIES

1. The Plaintiff Anthony Schepis ("Schepis") is an individual residing in Greenwich, Connecticut.

2. The Plaintiff Frank Canelas, Jr. ("Canelas") is an individual residing in New Canaan, Connecticut.

3. The Plaintiff Pursuit Opportunity Fund I, L.P. ("POF") is a limited partnership organized under the laws of the State of Delaware, with a principal place of business in Greenwich, Connecticut.

4. Plaintiffs Schepis and Canelas are managers of POF.

5. The Defendant JPMorgan Chase Bank, N.A., d.b.a. Chase Bank ("Chase") is a national banking and financial service holding company, with branches located in Connecticut and New York.  Chase is a wholly-owned subsidiary of JPMorgan Chase & Co.

6. The Defendant Peter S. Cane ("Attorney Cane") is an attorney who, upon information and belief, resides in New York, New York.

7. The Defendant CaneLaw LLP is a law firm located in New York, New York. Attorney Cane is the founding principal of CaneLaw LLP.

## JURISDICTION

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action involves a dispute between citizens of different states. The amount of controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events, acts or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Beginning in or around 2013, Attorney Cane and/or CaneLaw LLP provided legal representation to the Plaintiffs concerning various litigation matters. Amongst such matters was the defense of a certain legal action commenced against the Plaintiffs in the Connecticut Superior Court entitled *Alpha Beta Capital Partners, LP v. Pursuit Investment Management, LLC, et al*, Connecticut Superior Court, Judicial District of Stamford / Norwalk at Stamford, Docket Number X08-FST-CV15-5014970-S ("the Alpha Beta Action").

11. On June 16, 2016, the Connecticut Superior Court (*Genuario, J.*) granted an application for prejudgment remedies (hereinafter "PJR") in the Alpha Beta Action against various defendants in that action, including the Plaintiffs herein.

12. In satisfaction of the PJR granted against them, the defendants in the Alpha Beta Action, including the Plaintiffs herein, voluntarily caused $5,421,582 to be deposited and

held in a certain account entitled "Peter S. Cane Attorney Trust Account," maintained by Attorney Cane with the Defendant Chase, Account Number xxxx-xxxx-xxxx-8990 (the "Chase IOLTA Account"). The purpose of Attorney Cane taking possession of such funds in his Chase IOLTA Account was in order to satisfy any ultimate judgment entered against the defendants in the Alpha Beta Action, including the Plaintiffs herein.

13. Amongst the $5,421,582 deposited in the Chase IOLTA Account was $962,562 owned by Schepis and Canelas, and $549,891 owned by POF, which amounts total $1,512,453.

14. On or about October 14, 2016, the Connecticut Superior Court (*Genuario, J.*) entered a judgment against the Plaintiffs herein in the Alpha Beta Action. On November 2, 2016, the Plaintiffs herein, through counsel other than Attorney Cane and CaneLaw LLP, filed an appeal to the Connecticut Appellate Court from that judgment (AC 39388).

15. On or about October 8, 2019, the Connecticut Appellate Court issued its decision in AC 39388, entitled *Alpha Beta Capital Partners v. Pursuit Investment Management, LLC*, 193 Conn. App. 381 (2019). In that decision, the Connecticut Appellate Court held that Schepis, Canelas and POF were not and could not be held liable in the Alpha Beta Action. The Connecticut Appellate Court thereby reversed the trial court's judgment against those parties, and in fact entered a final defendants' judgment in favor of Schepis, Canelas and POF. *Id.* at 451.

16. On or about January 2, 2020, the Connecticut Supreme Court denied all petitions for certification related to decision rendered in *Alpha Beta Capital Partners v. Pursuit Investment Management, LLC,* 193 Conn. App. 381 (2019).

17. On or about January 23, 2020, any and all applicable stays expired related to the final defendants' judgment rendered in favor of the Plaintiffs herein in *Alpha Beta Capital Partners v. Pursuit Investment Management, LLC,* 193 Conn. App. 381 (2019).

18. As a result of all the foregoing, as of January 23, 2020, the $1,512,453 belonging to the Plaintiffs previously deposited in the Chase IOLTA Account was no longer subject to any form of legal attachment, levy, garnishment, execution or judgment.

19. On or about January 23, 2020, the undersigned counsel sent an email to Attorney Cane requesting that the $1,512,453 be distributed to the Plaintiffs.

20. On or about March 12, 2020, the undersigned counsel sent another email to Attorney Cane, through counsel, demanding the distribution of the Plaintiffs' monies in the amount of $1,512,453.

21. On or about March 25, 2020, the undersigned counsel sent another email to Attorney Cane, through counsel, demanding the distribution of the Plaintiffs' monies in the amount of $1,512,453.

22. In response to such demands, Attorney Cane, through counsel, has advised the Plaintiffs that their funds are still somehow being restricted, held and frozen by the Defendant Chase, for some unarticulated reason. Accordingly, as of this filing – **66 days after the expiration of all stays related to the defendants' judgment in favor of the Plaintiffs herein in the Alpha Beta Action** – the Plaintiffs' funds in the amount of $1,512,453 remain in the possession and control of the Defendants Chase, Attorney Cane and/or CaneLaw LLP.

23. By virtue of the unexplained conduct of the Defendants, the Plaintiffs continue to be restrained and alienated from, and deprived of, their $1,512,453, despite the fact that

there is no legal basis whatsoever for the continued attachment, levy, garnishment or execution of such funds by either the Defendant Chase, Attorney Cane or CaneLaw LLP.

24. Based on all the foregoing, the Defendants Chase, Attorney Cane and/or CaneLaw LLP remain in wrongful possession and control of the Plaintiffs' funds in the amount of $1,512,453, to the deprivation of the Plaintiffs' property rights.

### COUNT ONE: CONVERSION (As to all Defendants)

25. The Plaintiffs hereby re-allege and incorporate in this First Count paragraphs 1-24 above as if fully set forth herein.

26. The Plaintiffs have a clear ownership interest in the $1,512,453, wrongfully held in the Chase IOLTA Account by the Defendants.

27. At all relevant times, the Defendants have assumed and exercised ownership, possession and control over the Plaintiffs' property, specifically the $1,512,453 being held in the Chase IOLTA Account, to the Plaintiffs' wrongful exclusion and deprivation.

28. The Defendants have wrongfully withheld the $1,512,453 owned by the Plaintiffs, without the Plaintiffs' authorization.

29. The Defendants continue to deprive the Plaintiffs of their ability to access or use the $1,512,453 owned by them.

30. The Plaintiffs have suffered damages as a result of Defendants' conversion of their $1,512,453.

## COUNT TWO: STATUTORY CIVIL THEFT PURSUANT TO CONNECTICUT GENERAL STATUTES § 52-564
### (As to all Defendants)

31. The Plaintiffs hereby re-allege and incorporate in this Second Count paragraphs 1-30 above as if fully set forth herein.

32. At all relevant times, the Defendants have knowingly and intentionally deprived the Plaintiffs' of their property in the amount of $1,512,453. Accordingly, pursuant to Conn. Gen. Stat. § 52-564, the Plaintiffs are entitled to treble damages as a result of the Defendants' civil theft.

## PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, the Plaintiffs respectfully request the following relief against each of the named Defendants herein:

A. Compensatory Damages;

B. Treble damages pursuant to C.G.S. § 52-564;

C. Prejudgment interest at 10% per annum commencing on January 23, 2020, accruing on the principal amount of $1,512,453;

D. Post-judgment interest; and

E. Such other relief which, in law or equity, the Court may award.

THE PLAINTIFFS,

By: /s/ S.P.F.

Sabato P. Fiano
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard, 7th Floor
Bridgeport, CT  06604
Tel: (203) 332-5791
Fax: (203) 333-1489
Email: sfiano@znclaw.com